OPINION AND ORDER
STANDARD OF REVIEW
Title II, Chapter 2 § 202 of the Comprehensive Code of Justice (CCOJ), sets forth the standard of appellate review as follows:
“The jurisdiction of the Court of Appeals shall extend to all appeals from final orders and judgments of the Tribal Court, The Court of Appeals shall review de novo all determinations of the *370 Tribal Court on matters of law, but shall not set aside any factual determinations of the Tribal Court if such determinations are supported by substantial evidence.”
Further, as we stated in Tribes v. Adams, FPCOA No. 209, (1994), Court of Appeals, “will not set aside the factual findings of the Tribal Court, or substitute its judgment for such factual findings, absent an abuse of discretion.” The Tribal Trial Court’s decision to decline the case under an inconvenient forum determination is a discretionary decision. We review that decision under an abuse of discretion standard. An abuse of discretion is often described as occurring when the reviewing court is left with the definite and firm conviction on the whole record that the trial judge made a mistake. We do not so find here.
In the first case, Court of Appeals Case No. 563, (2011), we affirmed the decision of the Tribal Trial Court. The Tribal Trial Court had dismissed Mr. Red Elk’s Petition for Child Custody and Determination of Paternity, ruling that the Tribal Court was an inconvenient forum for the determination of the paternity and custody issues. The Tribal Court declined jurisdiction in favor of the state court of Alaska as the State of Alaska is where the child was born, where both the child and her mother live and where an ongoing proceeding involves the child and the parties. Mr. Red Elk has been concerned that Ms. McBride did not fully inform the Alaska court about the Tribal Court proceedings. Mr. Red Elk also contends that an issue exists as to Ms. McBride’s legal residence. The Tribal Court knew of both concerns when it made its rulings.
We affirmed the Tribal Trial Court’s discretionary decision that it was an inconvenient forum. When a forum in “inconvenient,” this does not mean it does not have jurisdiction, rather that it has jurisdiction concurrent with another court and one court has determined that it should defer to the other court. We did not then or now find the Tribal Trial Court’s determination was an abuse of discretion. Yet we want to underscore that both of our rulings are based on our view that the Tribal Trial Court’s rulings hold that jurisdiction of the Alaska Court is not exclusive, but rather concurrent with that of the Fort Peck Tribal Court.
Since our 2011 decision, some facts concerning the family have changed, leading Mr. Red Elk to re-file the matter in the Fort Peck Tribal Court. Specifically, Mr. Red Elk’s paternity, although never reasonably in doubt, has been legally established and the child has been enrolled as a member of the Fort Peck Tribes. These facts do not change the validity of the Tribal Trial Court’s decisions.
Mr. Red Elk contends that the F«rt Peck Tribal Court should exercise jurisdiction over this matter under Fort Peck Tribes Comprehensive Code of Justice (“CCOJ”) Title X, chapter 3, section 304(a) and Court of Appeals Cases Nos. 411. (2006) and 442, (2006). Title X, Chapter 3 Sec. 304-A CCOJ. Child custody actio: i< outside divorce, legal separation and annulment proceedings, provides in relevant part,
The Court shall have authority to deter mine custody of children as between parents ... The Court shall have jurisdiction over this action if a least 1 party to the action is an Indian and at leas! 1 party has been a bona fide resident within the boundaries of the Fort Peck Reservation for a period of 90 days immediately preceding the filing of the ac tion.
Mr. Red Elk is correct that the Tribal Trial Court had authority to exercise jurisdiction under this section. However, the *371 Tribal Trial Court, as noted above, chose to defer to a court it found, under the principles of the Uniform Child Custody and Jurisdiction enforcement Act to be more suitable, i.e., a more “convenient forum,” for the matter.
The cases cited by Mr. Red Elk are very similar to each other and are both distinguishable. In Appeal No. 441, (2006), Duncan v. Ross, the Appellee was a nonmember Indian residing on the Fort Peck Indian Reservation. The Appellant was a non-Indian. The child was not enrolled but resided on the reservation. The Tribal Trial Court denied Appellant’s Motion to Dismiss and the Court of Appeals affirmed. The decision largely was based a determination that the non-Indian status of one party did not divest the tribal court of jurisdiction. The central question in Appeal No. 442, (2006) Trottier v. Trottier and Hollum, was also the extent of the Tribal Trial Court’s jurisdiction over a non-Indian. These cases does not provide guidance in the situation presented here where the Tribal Trial Court’s decision was not based on the non-Indian status of a party.
In the present case, the Tribal Trial Court ruled that none of the changed facts had affected the validity of the 2011 decision dismissing the case. The Tribal Court found once more that under the Uniform Child Custody Jurisdiction and Enforcement Act of 1997, Alaska is the child’s home state and Alaska shall have continuing jurisdiction of the matter.
We have reviewed and take judicial notice of the lengthy May 29, 2013 decision of the Alaska Superior Court of the Third Judicial District at Homer. The decision mentions, that, the Fort Peck Tribal Court “very appropriately dismissed the petition for lack of jurisdiction” and the Fort Peck Court of Appeals affirmed the dismissal, (FPCOA # 616), In this matter, the Tribal Trial Court has twice declined to exercise its jurisdiction under the inconvenient forum rule. Nonetheless, the state court directed that Appellant Red Elk is not allowed to visit his daughter outside of Alaska until she is 8, even for a naming ceremony, partly out of a concern that he would attempt to misuse the Tribal Trial Court. There is nothing in the record to indicate that this has occurred. Perhaps if this issue is again litigated in the Tribal Trial Court, that court could consider using the provision of the UCCJEA for communication between the courts.
Therefore, IT IS HERBY ORDERED that the Tribal Trial Court decision is affirmed.